IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GENERAL HANCOCK ENTERPRISES LA, LLC, et al.,<br><br>Appellants,<br><br>v.<br><br>EB5AN WOHALI UTAH FUND XV, LP, et al.,<br><br>Appellees;<br><br>In re WOHALI LAND ESTATES, LLC,<br><br>Debtor. | **MEMORANDUM DECISION AND ORDER DENYING STAY PENDING APPEAL**<br><br>Case No. 2:26-cv-438-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Appellants, the Wohali Concerned Owners,[1] seek review of the Sale Order and related

Settlement Order entered by the Bankruptcy Court in the underlying bankruptcy case. *See* D.

Utah Bankr. Case No. 25-24610, Dkt. Nos. 465, 504. They now seek a stay of those orders

pending their appeal to this court. The court denies that request.

**I.**

On May 15, 2026, the court entered an administrative stay of the Settlement Order

(Bankr. Dkt. No. 465) and Sale Order (Bankr. Dkt. No. 504) until the end of the day on May 19,

---

[1] The Wohali Concerned Owners include the following entities and individuals: General Hancock Enterprises LA, LLC, a Delaware limited liability company (Owner of Lots #2 and #66); ATOT Utah, LLC, a Utah limited liability company (Owner of Lot #3 and Airspace Unit #20); Whitestripe Mountain LLC, a Florida limited liability company (Owner of Lot #6); Ernest T. Wakabayashi, as Trustee of The Ernest T. Wakabayashi Trust (Owner of Lot #9); Timothy Kutzkey and Lisa Tenorio-Kutzkey, as Trustees of The Kutzkey Family Trust (Owner of Lot #11); WFH, LLC, a Wyoming limited liability company (Owner of Lot #12); Gumer C. Alvero and Amy J. Alvero, as Trustees of The Gumer C. Alvero Revocable Trust (Owner of Lot #28 and Airspace Unit #15); Whitestripe Wohali, LLC, a Florida limited liability company (Owner of Lot #56); Brian Ehman, an individual (Owner of Lot #67); Ellen M. Lampert and Mark A. Lampert, as Trustees of The Ellen M. Lampert Trust (Owner of Lot #70); Benjamin Goldthorp and Stephanie Goldthorp, individuals (Owner of Lot #71). *Notice of Appeal and Statement of Election* ("Notice of Appeal"), Dkt. No. 1 at 1 n.1.

2026. *See* Dkt. No. 7. That administrative stay has now expired. The Concerned Owners filed their *Motion for Stay Pending Appeal* shortly after 5:00 p.m. on May 18, 2026. *See* Dkt. No. 8. EB5AN Wohali Utah Fund XV, LP, which the court will refer to as "EB5," filed an *Objection and Memorandum in Opposition to the Wohali Concerned Owners' Motion for Stay Pending Appeal. See* Dkt. No. 9. Matthew McKinlay, the Trustee, filed his *Objection to Wohali Concerned Owners' Motion for Stay Pending Appeal. See* Dkt. No. 10.

## II.

Federal Rule of Bankruptcy Procedure 8007(b) authorizes this court to stay an order entered by the Bankruptcy Court pending appeal. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of the court's discretion. *See Nken v. Holder*, 556 U.S. 418, 433–34 (2009). The same standard that governs preliminary injunctive relief governs the decision to grant or deny a stay pending appeal. *See Warner v. Gross*, 776 F.3d 721, 728 (10th Cir. 2015).

"Preliminary injunctive relief . . . 'is an extraordinary remedy never awarded as of right.'" *Schiermeyer ex rel. Blockchain Game Partners, Inc. v. Thurston*, 697 F. Supp. 3d 1265, 1269 (D. Utah 2023) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). Such relief is "the exception rather than the rule" and will be granted only if "the movant's right to relief [is] clear and unequivocal." *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020) (cleaned up). A party seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Among these requirements, "the single most important prerequisite" to preliminary injunctive relief is "a showing of probable irreparable harm." *First Western Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (cleaned up). A party's harm is irreparable "when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001). Further, a party seeking preliminary relief must show more than the mere "possibility" of such harm—rather, he must "demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 22. And, of course, a moving party "must demonstrate standing . . . for each form of relief [it] seek[s] in federal court." *Murthy v. Missouri*, 603 U.S. 43, 61 (2024).

"[A]lthough the Bankruptcy Code 'does not contain an explicit grant or limitation on appellate standing,' only a 'person aggrieved' by a bankruptcy court's order may appeal" it. *In re Petroleum Prod. Mgmt., Inc.*, 282 B.R. 9, 13–14 (10th Cir. BAP 2002) (quoting *In re American Ready Mix, Inc.*, 14 F.3d 1497, 1500 (10th Cir. 1994)). "That is, only a person whose rights or interests are directly and adversely affected pecuniarily by the decree or order of the bankruptcy court may appeal." *American Ready Mix*, 14 F.3d at 1500 (cleaned up). To qualify as a person aggrieved, a party must show the bankruptcy court order at issue "diminish[ed his] property, increase[d his] burdens, or impair[ed his] rights." *Id.* (cleaned up). An appellant must demonstrate that his "rights or interests are directly and adversely affected" by the order he seeks to appeal. *Id.*

Similarly, any party seeking injunctive relief must demonstrate that the "relief it seeks is . . . 'tailored to remedy the harm shown.'" *Crumbl LLC v. Dirty Dough LLC*, 2023 WL

3

5180370, at *9 (D. Utah Aug. 11, 2023) (quoting *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 752 (10th Cir. 2011)).

**III.**

The Concerned Owners' main argument that the appealed orders will adversely affect them is that the orders will allow the sale of land associated with golf course memberships in which they have interests and that this sale may be free and clear of—and thus eliminate—those memberships. *See* Dkt. No. 8 at 4. The parties dispute whether the golf course memberships run with the land. But regardless of the answer to this question—which the appealed orders do not address, let alone resolve—the court concludes that the Concerned Owners have not demonstrated that the appealed orders will adversely affect their interests in the golf course memberships.

Both the Trustee and EB5 have represented that the ordered sale will not extinguish appurtenant interests that run with the land. *See* Dkt. No. 9 at 6; Dkt. No. 10 at 4. And the Sale Order itself provides that "[t]he Sale does not extinguish any existing easements against the Debtor's real property," apparently confirming this understanding. Bankr. Dkt. No. 504 at 8. It follows that if the golf memberships run with the land, the challenged Sale Order and related Settlement Order will not affect them.

On the other hand, if the memberships do not run with the land, then they must be of a purely contractual nature. The Trustee and EB5 represent—and the Concerned Owners do not seriously dispute—that the contracts creating the memberships are between the Concerned Owners and Wohali Resort, Inc., an entity distinct from the Debtor in this bankruptcy. *See* Dkt. No. 9 at 6; Dkt. No. 10 at 5–6. The record appears to confirm this representation. *See* Dkt. No. 9-1 at 2 (sample contract). The Trustee and EB5 further represent, again without serious dispute,

4

that the Trustee has already "rejected and terminated" Wohali Resort's lease of the Debtor's land that is the subject of the Sale Order and related Settlement Order. Dkt. No. 10 at 6. The Bankruptcy Court approved the rejection of this lease months ago, *see* Bankr. Dkt. No. 315, and the Concerned Owners did not object to and have not appealed that approval. It follows that if the memberships do not run with the land and instead exist solely as creatures of the Concerned Owners' contracts with Wohali Resort, then it is not the Sale Order and associated Settlement Order, but the Trustee's rejection and termination of Wohali Resort's lease (and the Bankruptcy Court's approval of those actions), that destroyed the Concerned Owners' contractual rights. In other words, if the memberships do not run with the land, then the Concerned Owners have not shown that forestalling or preventing its sale will get them any closer to maintaining or regaining golf course memberships because Wohali Resort, the party that promised the Concerned Owners those memberships, no longer has any right to maintain or operate a golf course on the Debtor's land.

Either way, the Concerned Owners have not demonstrated that the Sale Order and related Settlement Order will affect whatever rights they still may have to the golf memberships. It follows that they have not established that they have "a personal stake in the outcome" of the sale and thus have standing to appeal it. *Murthy*, 603 U.S. at 57.

## IV.

Even if the Concerned Owners do have standing to appeal the challenged orders, the court concludes, for essentially the reasons just discussed, that they have failed to show that they will likely suffer irreparable injury from the challenged sale that could be prevented by a stay pending appeal.[2]

---

[2] Although the Tenth Circuit does not appear to have expressly addressed the issue, the court concludes that, absent a showing of some injury that could be redressed by the potentially

5

The Concerned Owners correctly note that the loss of real property can constitute irreparable injury. But if the golf course memberships are real property interests, as opposed to merely contractual rights, those interests are likely preserved under the Sale Order and related Settlement Order. It follows that the Concerned Owners have failed to demonstrate that they will likely suffer any loss of or injury to real property interests absent a stay.

And if the memberships are solely contractual in nature, then the Trustee's rejection and termination of Wohali Resort's lease—and the Bankruptcy Court's approval of those actions, which the Concerned Owners did not resist and do not appeal—apparently already destroyed the value of those memberships. At the very least, the Concerned Owners have not shown how any merely contractual rights arising from their agreements with Wohali Resort survived the rejection and termination of the lease or how the challenged sale of the Debtor's land could further injure or impair those rights.

Either way, then, the Concerned Owners have not demonstrated that consummation of the *sale being appealed* will irreparably impair any rights they still may have to the golf course memberships. It follows that a stay pending appeal is not "tailored" to "remedy" the injuries they assert. *Crumbl*, 2023 WL 5180370, at *9.

**V.**

The Concerned Owners' failure to establish either standing to appeal or likely irreparable injury that could be prevented by a stay pending appeal provide two independent and dispositive grounds for denying the requested stay. Even so, the court also observes that the Concerned Owners have not shown that the balance of equities and public interest weigh in favor of granting the stay. In particular, the Concerned Owners have failed to demonstrate that the potential injury

---

mooted appeal, an appellant cannot demonstrate irreparable injury based only on the possibility that, absent the stay, the appeal may become moot. *See Murthy*, 603 U.S. at 57.

to EB5, the Bankruptcy Estate, and the unsecured creditors that would result if the ordered sale were to fall through as a result of the stay is not serious and irreparable.

To be sure, the Concerned Owners contend that "[i]f a stay is granted, the Trustee will not lose a sale because EB5 is not going anywhere." Dkt. No. 8 at 17. But EB5 responds that a stay will cause substantial harm to the Estate and unsecured creditors because a delay of the sale will delay distribution to unsecured creditors, "the Property requires continuous expense on security, insurance, taxes, and golf-course maintenance that distressed real estate cannot defer," and "[t]he Estate has no source of liquidity outside the Sale." Dkt. No. 9 at 14. The Trustee also argues that a stay pending appeal "not only harms the Debtor's assets but risks the meaningful return to creditors that the Trustee secured through the Settlement," and that although "EB5 may 'not [be] going anywhere,' the recoveries to unsecured creditors will be substantially harmed." Dkt. No. 10 at 19.

As did the Bankruptcy Court, this court finds the arguments that EB5, the Estate, and other creditors may be harmed by a stay pending appeal more credible at this stage of the proceedings than the Concerned Owners' arguments that they will suffer irreparable harm absent such a stay. This is yet another reason to deny the requested stay.

\*          \*          \*

For the foregoing reasons, Docket Number 8, Wohali Concerned Owners' Motion for Stay Pending Appeal, is **DENIED**.[3]

---

[3] In Docket Number 2, Wohali Concerned Owners' Emergency Motion to Impose 14-Day Stay Under Bankruptcy Rule 6004(h), the Appellants requested a stay only "to give the Bankruptcy Court sufficient time to consider the motion to stay pending appeal" and to allow this court to consider the same if necessary. Now that both courts have denied such a stay, this motion is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated this 20th day of May, 2026.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge